Gordon Andrew Petersen, II   (SBN 279587)
drew@dpetersenlegal.com
LAW OFFICE OF DREW PETERSEN
17581 Irvine Boulevard, Suite 108
Tustin, California 92780
(714) 569-0043 tel
(714) 569-0289 fax

Attorney for Plaintiff
TECHSTOCK USA, LLC

THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **TechStock USA, LLC, a California limited liability company,**<br>                    Plaintiff;<br>         v.<br>**RA's Merchandise, LLC, a New Jersey limited liability company, and Arlene Platteborze, an individual,**<br>                    Defendants. | Case No. : 8:17-cv-00853<br><br>**COMPLAINT FOR BREACH OF CONTRACT, MONEY HAD AND RECEIVED, AND CONVERSION** |

COMES NOW THE PLAINTIFF, TECHSTOCK USA, LLC, and alleges causes of action for Breach of Contract, Money Had and Received, and Conversion, against Defendants RA's Merchandise, LLC, and Arlene Plattebroze as follows:

**Jurisdiction and Venue**

1.      Plaintiff TechStock USA, LLC, ("Plaintiff") is a limited liability company formed pursuant to the laws of California with its principal place of business in Orange County, California. Plaintiff is qualified to do business in the State of California.

2.      Defendant RA's Merchandize, LLC ("RA'S"), is a limited liability company with its principal place of business in Toms River, New Jersey.

3.    Defendant Arlene Platteborze is a citizen of the state of New Jersey and the principal owner of RA's Merchandize, LLC.

4.    This court has original jurisdiction under 28 U.S.C. §1332, in that this is a civil action between citizens of different states and aliens in which the matter in controversy exceeds, exclusive of costs and interest, seventy-five thousand dollars.

5.    Venue is proper in the Central District of this Court because a substantial part of the events or omissions giving rise to the claim occurred in this District. Specifically, goods and money were to be delivered to Plaintiff's within the District, which Defendants failed to perform.

### Common Factual Allegations

6.    On or about November 13, 2016, RA's Merchandise, LLC ("RA'S") and Plaintiff entered into an agreement whereby RA'S agreed to sell and deliver 7,500 iTunes giftcards, with a value of $100 each, to Plaintiff in Orange County, California. In exchange, Plaintiff agreed to provide RA'S with $622,500. A purchase order was provided by Plaintiff confirming the terms of the agreement. A true and correct copy of the purchase order is attached hereto as Exhibit 1.

7.    As further consideration for Plaintiff entering into the above agreement, Arlene Platteborze executed and delivered a personal guarantee, obligating herself to the performance of RA'S obligations for Plaintiff's benefit. A true and correct copy of this guarantee is attached hereto as Exhibit 2.

8.    On November 14, 2017, Plaintiff wired the required funds to RA'S. A true and correct copy of the wire receipt is attached hereto as Exhibit 3.

9.    Despite RA'S receipt of the funds, RA'S failed and/or refused to perform its obligations pursuant to the purchase order. RA'S only shipped a portion of the giftcards by December 6, 2016, and could not promise when the remaining giftcards would be delivered.

10.    In or around December 2016, Plaintiff and Defendants agreed Defendants would refund Plaintiff the balance of $267,675 before December 30, 2017. Despite their promise to do so, Defendants have only returned $61,465 to date, leaving a balance of $206,210 owed to Plaintiff.

**FIRST CAUSE OF ACTION FOR BREACH OF CONTRACT**

**(Against All Defendants)**

11. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1 through 12 as fully set forth herein.

12. Defendant RA's Merchandise, LLC entered into a written agreement with Plaintiff on or about November 14, 2016. As part of the agreement, Plaintiff agreed to wire funds to Defendants, and Defendants agreed to ship Plaintiff 7,500 iTunes giftcards, valued at $100 each.

13. Defendant Arlene Platteborze entered into and signed a personal guaranty for Plaintiff's benefit whereby she agreed to be personally liable and responsible for RA'S performance of the above agreement with Plaintiff.

14. Plaintiff did substantially all the things required of it by wiring the required funds to Defendant RA'S.

15. All conditions required for Defendant RA'S performance to ship the 7,500 iTunes giftcards occurred. All conditions required for Arlene Platteborze to perform her obligations under the personal guaranty for Plaintiff's benefit occurred.

16. Defendants RA'S and Arlene Platteborze breached the written agreement with Plaintiff in or around November 2016 by failing or refusing to ship the entire 7,500 of iTune giftcards. Furthermore, since January 2017 Defendants RA'S and Arlene Platteborze have failed or refused to return the unearned portion of Plaintiff's payments as a refund, as agreed.

**SECOND CAUSE OF ACTION FOR MONEY HAD AND RECEIVED**

**(Against All Defendants)**

17. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1 through 10, and 12 through 16, as fully set forth herein.

18. Defendants, and each of them, received $206,210, that was intended to be used for the benefit of Plaintiff.

19. The money was not used for the benefit of Plaintiff.

20. Defendants, and each of them, have not returned the unearned $206,210 to Plaintiff.

## THIRD CAUSE OF ACTION FOR CONVERSION

### (Against Defendant RA's Merchandise, LLC)

21. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1 through 10 and 12 through 16, and 18 through 20, as fully set forth herein.

22. Since December 2016 Plaintiff made several demands that Defendant RA'S return the unearned balance of Plaintiff's wire, currently totaling $206,210.

23. Defendant RA'S has intentionally and substantially interfered with Plaintiff's property by refusing to return the balance of Plaintiff's wired funds, totaling $206,210.

24. Plaintiff did not consent to Defendant's actions.

WHEREFORE, Plaintiff demands judgment as follows:

As against all Defendants:

 Damages in the amount of $206,210.00

 For interest on the damages at the maximum legal rate;

 For costs of suit incurred herein; and

 For other such and further relief as the Court may deem just and proper.

Respectfully submitted,                                        LAW OFFICE OF DREW PETERSEN

Dated: May 8, 2017                                         /s/ Gordon Andrew Petersen, II
                    Gordon Andrew Petersen, II
                    Attorney for Plaintiff,
                    Aerospare, LLC